15-935-cv
Simone v. United States of America

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 16th day of March, two thousand sixteen.

Present:     ROSEMARY S. POOLER,
             RICHARD C. WESLEY
                      *Circuit Judges*.
             JANET C. HALL,[1]
                      *Chief District Judge*.

_____

PHILIP SIMONE, GERTRUDE SIMONE,

                      *Plaintiffs-Appellants*,

             v.                                                    15-935-cv

UNITED STATES OF AMERICA,

                      *Defendant-Appellee*.

_____

Appearing for Appellant:     Loren F. Selznick, Clarks Summit, PA.

Appearing for Appellee:      F. Franklin Amanat, Assistant United States Attorney (Varuni Nelson, Vincent Lipari, Assistant United States Attorneys, *on the brief*), *for* Robert L. Capers, United States Attorney for the Eastern District of New York, Brooklyn, NY.

---

[1] The Honorable Janet C. Hall, United States District Court for the District of Connecticut, sitting by designation.

Appeal from the United States District Court for the Eastern District of New York (Chen, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Plaintiffs-appellants Philip Simone and Gertrude Simone appeal from the January 30, 2015 judgment of the district court for the Eastern District of New York (Chen, *J.*) in favor of defendant-appellee United States of America following a bench trial. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Following a bench trial, "we review the district court's findings of facts for clear error, and its conclusions of law *de novo*." *In re Sept. 11 Litig.*, 802 F.3d 314, 328 (2d Cir. 2015).

Plaintiffs first challenge the district court's ruling on the malicious prosecution claim against the United States Marshals. Under New Jersey law, which applies here, a plaintiff "must establish that the defendant (1) instituted proceedings (2) without probable cause and (3) with legal malice; and (4) the proceedings terminated in favor of the plaintiff." *Trabal v. Wells Fargo Armored Serv. Corp.*, 269 F.3d 243, 248 (3d Cir. 2001). "Failure to prove any one of these four elements denies the plaintiff a cause of action." *Id.*

The district court first held that an extradition proceeding was not a criminal proceeding for the purpose of a malicious prosecution claim. Although that may be true, this is not a settled issue of New Jersey law, and we see no need to resolve it here.

Next, under New Jersey law, "[a] person is considered to have participated in a criminal action against another for purposes of a malicious prosecution charge if he has taken some 'affirmative action by way of advice, encouragement, pressure, etc., in the institution, or causing the institution, of the prosecution or in affirmatively encouraging its continuance after it has been instituted.'" *Robinson v. Winslow Township*, 973 F. Supp. 461, 473-74 (D.N.J. 1997) (quoting *Seidel v. Greenberg*, 260 A.2d 863, 868 (N.J. Sup. Ct. 1969)). Based on the facts as found by the district court, which were not clearly erroneous, we hold for substantially the same reasons as those stated by the district court that the Marshals did not institute the criminal proceedings against Philip Simone.

The district court alternatively held that plaintiffs had not proven malice on the part of the Marshals by a preponderance of the evidence. Under New Jersey law, "[m]alice in the law is the intentional doing of a wrongful act without just cause or excuse." *Brunson v. Affinity Fed. Credit Union*, 972 A.2d 1112, 1120 (N.J. 2009) (alteration in original) (internal quotation marks omitted). It is "well-settled," in New Jersey, "that malice may be inferred from want of probable cause." *Id.* (internal quotation marks omitted). "That said, a plaintiff cannot simply point to the absence of probable cause as sufficient proof of the required element of malice." *Id.* (internal quotation marks omitted). Rather, to defeat a summary judgment motion, a plaintiff must "produce at least some extrinsic evidence of malice." *Id.*; *see also Prince v. Aiellos*, No. 09-CV-5429, 2013 WL 6865619, at *5 (D.N.J. Dec. 20, 2013), *aff'd*, 594 F. App'x 742 (3d Cir. 2014);

*Severubi v. Boro.Sayreville*, No. 10-CV-5707, 2011 WL 1599630, at *5 (D.N.J. Apr. 27, 2011); *Pittman v. Metuchen Police Dep't*, No. 08-CV-2373, 2010 WL 4025692, at *8 (D.N.J. Oct. 13, 2010); *Campanello v. Port Auth. of N.Y. & N.J.*, No. 07-CV-4929, 2010 WL 3429571, at *4 (D.N.J. Aug. 27, 2010). We find no error in the district court's analysis. Although a fact finder may be *permitted* to infer malice from the absence of probable cause, assuming there was such an absence, the district court, sitting as the fact finder, was not *required* to make such a finding, and its failure to do so was not clearly erroneous. Further, the district court did not clearly err in finding that there was no extrinsic evidence of malice for the reasons stated in its well-reasoned opinion and in light of our precedent holding that the collective knowledge doctrine "has traditionally been applied to *assist* officers in establishing probable cause—not to impute bad faith to one member of an enforcement team on the basis of another member's knowledge." *Savino v. City of New York*, 331 F.3d 63, 74 (2d Cir. 2003). For these reasons, we affirm the district court's judgment in favor of defendant on the malicious prosecution claim against the Marshals.

Next, plaintiffs challenge the district court's ruling that the negligence claim against the attorneys from the Department of Justice's Office of International Affairs ("OIA") was barred by the Federal Tort Claims Act ("FTCA"). The FTCA waives the sovereign immunity of the United States for certain torts committed by federal employees within the scope of their employment. *See* 28 U.S.C. § 1346(b)(1). In a provision known as the intentional tort exception, codified at 28 U.S.C. § 2680(h), the FTCA excepts from the waiver of immunity (and thus provides that immunity exists) for, as is relevant here, "[a]ny claim arising out of . . . false arrest [and] malicious prosecution." 28 U.S.C. § 2680(h). This exception does not apply to "investigative or law enforcement officers of the United States Government," *id.*, and such officers are therefore not immune from such claims. Investigative or law enforcement officers includes "any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law." *Id.* Because the OIA attorneys and staff are not investigative or law enforcement officers, a district court finding unchallenged on appeal, they are immune from suit on malicious prosecution and false arrest claims or claims *arising out of* malicious prosecution and false arrest claims. *See Bernard v. United States*, 25 F.3d 98, 104 (2d Cir. 1994).

Our case law makes clear that a "plaintiff may not by artful pleading avoid the statutory exceptions to the FTCA." *Dorking Genetics v. United States*, 76 F.3d 1261, 1265 (2d Cir. 1996). Therefore, "[i]n determining the applicability of the § 2680(h) exception, a court must look, not to the theory upon which the plaintiff elects to proceed, but rather to the substance of the claim which he asserts." *Id.* We agree with the district court that plaintiffs' claim, although framed as a negligence claim, arises out of the intentional torts of false arrest and malicious prosecution. As we recognized in *Guccione v. United States*, 847 F.2d 1031 (2d Cir. 1988), there is no "'independent affirmative duty' owed to each citizen in every case in which the Government carries out its basic functions," or else this would "create an exception that would swallow the rule of section 2680(h)." *Id.* at 1037. We see no independent affirmative duty owed to plaintiffs by OIA, and we therefore hold OIA is immune from suit on this claim

Finally, plaintiffs argue that the negligence claim they seek to assert against the FBI is not barred by *Brunson v. Affinity Federal Credit Union*, 972 A.2d 1112 (N.J. 2009). In *Brunson*,

3

the New Jersey Supreme Court rejected the New Jersey Appellate Division's creation of a negligent investigation tort against a bank, whose allegedly negligent investigation of fraud led to an innocent person being indicted for the crime. Following *Brunson*, a district court in the District of New Jersey held that *Brunson* "categorically denied the existence of" a negligent investigation claim "as an independent cause of action in a malicious prosecution action." *Drisco v. City of Elizabeth*, No. 03-CV-397, 2010 WL 1253890, at *14 (D.N.J. Mar. 23, 2010). It does not appear that a New Jersey court has addressed a negligent investigation claim in the posture here, that is, where the allegedly negligent investigation was attenuated in time from the arrest and prosecution. In the absence of any guidance from New Jersey state courts suggesting that such a claim would be cognizable, we decline to create such a cause of action here.[2]

We have considered the remainder of plaintiffs' arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[2] We note that although we may have otherwise been inclined to certify this question to the New Jersey Supreme Court, we are not permitted to do so. *See* N.J. Ct. R. 2:12A-1; *Harrington v. Atl. Sounding Co.*, 602 F.3d 113, 131 (2d Cir. 2010) (Calabresi, *J.*, dissenting); *Stichting Ter Behartiging Van de Belangen Van Oudaandeelhouders In Het Kapitaal Van Saybolt Int'l B.V. v. Schreiber*, 407 F.3d 34, 47 n.6 (2d Cir. 2005).

4